```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                   HOUSTON DIVISION
```

| | | |
|---|---|---|
| GREAT LAKES DREDGE & DOCK COMPANY, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION No. H-07-0630 |
| NELSON RAMOS, | § § § | |
| Defendant. | § | |

MEMORANDUM AND ORDER

Pending is Defendant Nelson Ramos's Motion to Abate (Document No. 5). After carefully considering the motion, response, and the applicable law, the Court concludes as follows.

I. Background

This action is one of a series of similar cases filed by Plaintiff Great Lakes Dredge & Dock Company, LLC ("Great Lakes"), each in response to a Jones Act suit brought by one of its employees in a state forum that allegedly contravenes the terms of a forum selection agreement ("Agreement") executed by each employee as a condition of employment. *See, e.g.*, Great Lakes Dredge & Dock Co., LLC v. Larrisquitu, Civil Action Nos. H-06-3489, H-06-3669, H-06-4040, 2007 WL 2330187 (S.D. Tex. Aug. 15, 2007)(Rosenthal, J.) (consolidating three such cases). The Agreement in this case is identical to the agreements in the three consolidated cases in

Larrisquitu.[1]  Moreover, just as in Larrisquitu, Great Lakes filed this case after its employee filed a Jones Act case in a state court venue that contravenes the terms of the Agreement.  Defendant Ramos now moves to abate the instant case, arguing that this Court should abstain under Colorado River Water Conservation District v. United States, 96 S. Ct. 1236 (1976).

Motions to abstain were also filed in Larrisquitu, along with additional motions that expanded the issues before the Court. Judge Rosenthal has written a thorough, comprehensive, and meticulously researched Memorandum and Opinion in Larrisquitu, including a thorough analysis of the abstention doctrine under both Colorado River and Brillhart v. Excess Ins. Co. of Am., 62 S. Ct. 1173 (1942).  The only evident difference in the posture of the parallel state and federal cases before Judge Rosenthal and the state court case that parallels the instant suit is that here the state court judge in Defendant Ramos's Hidalgo County case has already denied Great Lakes's motion to dismiss or to transfer the state court case, thereby impliedly rejecting Great Lakes's arguments regarding the validity of the forum selection clause. Document No. 12.  Counsel informed the Court at the Rule 16 Conference, however, that the state court decision has been appealed to the state court of appeals.  Moreover, this Court in

---

[1] This case may well have been consolidated with the other three had the parties timely filed a motion to consolidate.

Larrisquitu held, after an exhaustive analysis of the authorities, that the forum selection agreement at issue in all of these cases is not unenforceable as against public policy as a matter of law, a decision that affirms the validity of the forum selection clause. Larrisquitu, 2007 WL 2330187 at *23.  Thus, the slightly different posture of the state court cases in Larrisquitu and this case, as it bears upon the fourth of the six Colorado River factors discussed in Larrisquitu, id. at **14, 15, is insufficient on balance to change the result in this case.  The factors thoroughly considered and discussed regarding possible abstention under both Brillhart and Colorado River in Larrisquitu, factors that in all other respects are identical to those in this case, weigh heavily against abstention.  Accordingly, for all of the reasons set forth in Larrisquitu, it is

    ORDERED that Defendant's Motion to Abate (Document No. 5) is DENIED.

    The Clerk will enter this Order, providing a correct copy to all counsel of record.

    SIGNED in Houston, Texas, this 24th day of September, 2007.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE